IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

COMPLEX BUSINESS LITIGATION COURT

SENSYS AMERICA, INC., a foreign corporation,

    Plaintiff,

vs.

BREKFORD CORP., a foreign corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SENSYS AMERICA, INC., a foreign corporation ("SENSYS"), by and through its undersigned counsel, hereby sues Defendant, BREKFORD CORP., a foreign corporation ("BREKFORD"), and states:

### Introduction

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

2. Plaintiff, SENSYS AMERICA, INC., is, and at all times material hereto was, a Delaware corporation organized and existing under the laws of the

**EXHIBIT "A"**

State of Delaware and is authorized to do business in the State of Florida and is engaged in business transactions in Orange County, Florida.

3. Defendant, BREKFORD CORP., is, and at all times material hereto was, a Maryland corporation organized and existing under the laws of the State of Maryland and is authorized to do business in the State of Florida and is engaged in business transactions in Orange County, Florida. Defendant, BREKFORD CORP., pursuant to Section 48.193, Florida Statutes, submitted itself to the jurisdiction of this Court by, among other things, engaging in business in Florida, by breaching a contract in Florida by failing to perform acts as required by the subject agreement in Orange County, Florida, and by engaging in substantial activity within this state, of which such activity was conducted in both intrastate and interstate matters that conducts business in Florida. Therefore, this matter is within the jurisdiction of this Court.

4. Venue is proper in Orange County because it is where the cause of action accrued.

6. All conditions precedent to the filing of this action have occurred, have been performed or have been waived.

7. SENSYS has retained the undersigned law firm for its services to represent it in this action and SENSYS has committed to pay reasonable attorney's fees for its services.

## **COUNT I - BREACH OF CONTRACT**

8. SENSYS realleges and reavers each and every allegation contained in Paragraphs 1 - 7, as if more fully set forth herein.

9. On or about February 14, 2012, SENSYS and Defendant entered into that certain written License Plate Look-Up Agreement (the "Agreement") wherein the parties agreed that SENSYS would transmit license plate and state information to Defendant and Defendant would return to SENSYS NLets information for that license plate number within 72 business hours. (A true and correct copy of the Agreement is attached hereto as Exhibit "A.")

10. Pursuant to the Agreement, the parties also agreed that Defendant owed SENSYS $260,000.00 pursuant to a purchase order dated November 3, 2011 that is referred to as the "Purchase Credit".

11. Pursuant to the Agreement, the parties further agreed that Defendant would invoice SENSYS on a monthly basis for all such look-ups and SENSYS will apply the amount of such invoice against the outstanding Purchase Credit until the Purchase Credit equaled zero.

12. Pursuant to the Agreement, the parties further agreed the amounts Defendant was to charge SENSYS per look-up.

13. SENSYS fully performed its obligations pursuant to the Agreement.

14. Defendant has failed to perform its obligations pursuant to the Agreement by failing to:

a. To provide look-up services required in paragraph 1 of the Agreement;

b. To provide license plate look-ups via Nlets as required in paragraph 1 of the Agreement;

c. To provide look-ups within 72 business hours as required in paragraph 1 of the Agreement;

d. To provide registered owners' gender and drivers' license numbers as required by paragraph 1 of the Agreement; and

e. To provide accurate registered owner information.

15. In addition, Defendant's failure to provide look-up services required in paragraph 1 of the Agreement continued for a period of 10 business days.

16. As a result of the Defendant's failure to provide look-up services for a period of 10 business days, the unapplied balance of the Purchase Credit is immediately due and payable by Defendant to SENSYS pursuant to paragraph 2.2 of the Agreement.

17. Defendant presently owes SENSYS the principal amount of $260,000.00, plus prejudgment interest.

18. Defendant refuses to pay SENSYS the monies due and owing.

19. SENSYS has demanded Defendant to pay the sum due and owing under the Agreement.

20. Despite SENSYS's demands, Defendant has failed and refused to pay the sum due and owing under the Agreement to SENSYS.

21. As a direct and proximate result of the breach of the Agreement by Defendant, SENSYS has been damaged.

WHEREFORE, Plaintiff, SENSYS AMERICA, INC., demands judgment against Defendant, BREKFORD CORP., for compensatory damages, applicable interest, costs of this action, and such other and further relief as this Court deems just and proper.

## COUNT II - UNJUST ENRICHMENT

22. SENSYS realleges and reavers each and every allegation contained in Paragraphs 1 - 7, as if more fully set forth herein.

23. SENSYS, by virtue of its providing mobile speed enforcement systems to Defendant, conferred upon Defendant valuable benefits.

24. Defendant knew of the fact that these valuable benefits were conferred upon it, voluntarily accepted such valuable benefits from SENSYS, and retained the benefits conferred.

25. The value of the unpaid benefits conferred upon Defendant by SENSYS is approximately $260,000.00. The circumstances of the conferment of

these valuable benefits upon Defendant by SENSYS are such that it would be inequitable for Defendant to retain them without paying the value thereof to SENSYS.

WHEREFORE, Plaintiff, SENSYS AMERICA, INC., respectfully prays that the Court fashion an equitable remedy such that Defendant, BREKFORD CORP., be compelled to pay the value of the benefits of SENSYS AMERICA, INC., with which BREKFORD CORP., was unjustly enriched, to pay the costs of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

\s\ Peter F. Carr, Jr.
PETER F. CARR, JR., ESQ.
Florida Bar No.: 0046078
MITZI SOMMER CARR, ESQ.
Florida Bar No.: 27568
CARR LAW FIRM, P.A.
189 S. Orange Avenue, Suite 1520-B
Orlando, Florida 32801
Telephone: (407)426-9300
Facsimile: (407)426-9304
Attorneys for Plaintiff